<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALLEGHENY MUTUAL CASUALTY COMPANY, a Pennsylvania Company | : : : : | Civil Action No. 06-1913 (JAG) |
| Plaintiff, | : : : | |
| v. | : : : | **OPINION** |
| EDUARDO DELACHICA, | : : : | |
| Defendant. | : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on the motion for summary judgment, pursuant to FED. R. CIV. P. 56, of Defendant Eduardo Delachica ("Defendant"). For the reasons set forth below, the motion will be denied.

### **INTRODUCTION**

In brief, this case arises in connection with an Agreement dated February 16, 1993 (the "Agreement") between Plaintiff Allegheny Mutual Casualty Company ("Plaintiff") and Defendant. The Agreement required Defendant and his brother to serve as "producers" of immigration "appearance bonds" in Texas. Plaintiff served as the surety for the bonds. As part of the Agreement, Defendant agreed to indemnify Plaintiff for "all liability, loss, costs, damages, claims, suits, attorney['s] fees, and expenses" incurred in connection with immigration bonds Defendant wrote.

1

Over the course of the relationship between the parties, multiple bonds that Defendant wrote were forfeited as a result of aliens failing to appear for their court appearances. Thus, Plaintiff became liable to the United States of America, Immigration and Naturalization Service ("INS") for the forfeited loans. Defendant failed to pay or resolve these bond forfeitures.

On November 3, 1998, Plaintiff entered into an agreement with the INS (the "INS Agreement") to satisfy Plaintiff's liability as surety of Defendant. The INS Agreement provided for payment of the settlement amount in three installments to be paid on February 20 of the years 1999, 2000, and 2001. Plaintiff made the payments to INS on February 8, 1999, April 27, 1999, and February 6, 2001. On December 28, 2005, Plaintiff filed its Complaint in this Court.

## LEGAL STANDARD

### I.   Summary Judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively

the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial"). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz

v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.     Statute of Limitations

New Jersey Statutes Annotated § 2A:14-1 provides the applicable statute of limitations and states that "a contractual claim or liability, express or implied . . . shall be commenced within 6 years next after the cause of any such action shall have accrued." N.J. Stat. Ann. § 2A:14-1 (West 2000). "It is also clear that the date when a cause of action is deemed to have 'accrued' is 'the date upon which the right to institute and maintain a suit first arises.'" Holmin v. TRW, Inc., 748 A.2d 1141, 1144 (N.J. Super. Ct. App. Div. 2000).

As a general rule, a claim for indemnity under a contract does not accrue until the liability is fixed by a judgment against or payment by the indemnitee. United New York Sandy Hook Pilots Ass'n v. Rodermond Indus., Inc., 394 F.2d 65, 75 (3d Cir. 1967) (applying the general rule to a case involving New Jersey law); Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18, 20 (3d Cir. 1966) cert. denied, 387 U.S. 930 (1967) (applying the general rule to a case involving Pennsylvania law).

The general rule applies in New Jersey. First Indem. of America Ins. Co. v. Kemenash, 744 A.2d 691, 696 (N.J. Super. Ct. App. Div. 2000) ("Where the agreement indemnifies for loss, the cause of action accrues at the point that the liability is discharged by payment and the indemnitee suffers an actual loss."); Bernstein v. Palmer Chevrolet & Oldsmobile, Inc., 206 A.2d 176, 179 (N.J. Super. Ct. App. Div. 1965) (Under an agreement that indemnifies for loss, "there is no cause of action until the liability has been discharged, as by the insured's payment of the judgment.").

## **DISCUSSION**

New Jersey law is plain - where an agreement indemnifies against "loss," the limitations period does not begin to run until the indemnitee makes a payment and incurs a loss. Defendant's argument that the statute of limitations should begin to run on the date of the INS Agreement, November 3, 1998, is not persuasive. Although this argument must fail, the crux of the matter before this Court is whether Plaintiff's claim to enforce the Agreement is time-barred.

Plaintiff argues that the action falls within the six year statute of limitations period because Plaintiff believes that the Kemenash Court held that the period does not begin to run until the final payment is made. See Kemenash, 744 A.2d at 696. Plaintiff must maintain this position. If the statutory period were to begin to run on the date of the initial "loss" or payment, February 8, 1999, then Plaintiff's complaint would be time-barred. This Court agrees with Plaintiff's position.

In Kemenash, the defendant was a commercial construction company that performed large federal and public works. Id. at 693. The surety executed performance bonds, which included indemnity agreements for loss and liability, for the defendant on two municipal construction projects. Id. at 694. Defendant subsequently filed bankruptcy and ceased activity on the projects. Id. at 693. When the municipalities declared a default, the surety entered to take over the contracts. Id. As such, the surety was required to finish the projects and pay subcontractors over a protracted period of time to complete the work. Kemenash, 744 A.2d at 696. The Kemenash Court held that the surety did not sustain a loss under the bond until that time at which it paid out more money to subcontractors than it was owed by the obligee.[1] Id. at 696.

---

[1] It should be noted that the Kemenash opinion does not explicitly state that the cause of action accrues, and that the statutory period begins to run, on the date of the last payment. The Appellate Division quoted the trial court: "the amount of the plaintiff's loss was not fixed until

5

Defendant's motion for summary judgment is entirely dependent upon its interpretation of the accrual time for the statute of limitations. According to the record before this Court, it is undisputed that Allegheny suffered a fixed "loss" upon its final payment to INS, which occurred on February 6, 2001. Therefore, the statute of limitations in this action will expire on February 6, 2007. Plaintiff clearly complied with the applicable statute of limitations by filing its complaint on December 28, 2005.

## **CONCLUSION**

For the reasons stated above, Defendant has failed to demonstrated that "there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Plaintiff has complied with the applicable statute of limitations. The determination of Plaintiff's indemnification claim depends on resolving underling disputes as to material facts.

S/Joseph A. Greenaway, Jr.  
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: November 21, 2006

---

after [the last payment.]" Kemenash affirmed the trial court's decision, however, and has received no comment from the New Jersey Supreme Court. This Court has found no precedent to suggest that the statutory period should begin to run on the date of the initial payment.